951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert ANDRISANI, Plaintiff-Appellant,
v.
Miriam A. VOGEL; First Western Development Corporation;
Paul Maeting; Lancer Walker, et al., Defendants-Appellees.
 No. 91-55477.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 26, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Andrisani appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for damages against Los Angeles Superior Court Judge Miriam Vogel for failure to state a claim and the district court's imposition of sanctions pursuant to Fed.R.Civ.P. 11. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review de novo the district court's dismissal for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). The district court properly determined that Andrisani failed to state a claim against Judge Vogel, who was acting within her judicial capacity and thus has absolute judicial immunity from section 1983 liability. See Ashelman v. Pope, 793 F.2d 1072, 1075-76 (9th Cir.1986) (en banc).[1]
 
 II
 
 4
 We review a district court's decision regarding Rule 11 sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990). Under Rule 11, sanctions must be imposed for (1) frivolous filings and (2) filings for an improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1991) (en banc).
 
 
 5
 Here, the district court imposed Rule 11 sanctions of $450 against Andrisani. When it imposed sanctions, the court observed that Andrisani had filed previous actions against judges who had ruled against him, and that those actions were dismissed as frivolous on the ground of absolute judicial immunity. Because Andrisani filed an action that he knew was frivolous, imposition of sanctions was appropriate.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint, Andrisani also named private individuals as defendants. The district court properly dismissed the private individuals, who are not state actors subject to suit under section 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Andrisani has not raised this issue on appeal, and thus he has waived it. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)